UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 10 CR 789 - 2 |
| | ) | |
| | ) | |
| WINSTON MARTIN, a/k/a "Boscoe" | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Defendant Martin has filed a motion for a new trial and for judgment of acquittal. For the reasons discussed below, Defendant's motion is denied.

**BACKGROUND**

On March 31, 2011, Defendants Winston Martin and Jason Hinton were charged in a two count Superseding Indictment. Count One charged them with conspiring with each other on June 3, 2008 to knowingly and intentionally distribute a controlled substance, namely 50 grams or more of mixtures and substances containing cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 846. Count Two charged them with, on June 3, 2008, knowingly and intentionally distributing a controlled substance, namely 50 grams or more of mixtures and substances containing cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Both Defendants pled not guilty to the charges and ultimately proceeded to trial.

After a two day jury trial, on April 3, 2012, a jury convicted both Defendant Winston Martin and his co-defendant Jason Hinton of the federal drug trafficking charges. Specifically, as to Count I, the jury convicted Defendant Martin of conspiring with his co-defendant to

knowingly and intentionally distribute crack cocaine and knowingly and intentionally distributing crack cocaine. The jury found that the government proved beyond a reasonable doubt that Defendant Martin had conspired to distribute 50 grams or more of mixtures and substances containing cocaine base on Count One. Regarding Count Two, the jury found that the government proved beyond a reasonable doubt that Defendant Martin had distributed 50 grams or more of mixtures and substances containing cocaine base.

Defendant now seeks a judgment of acquittal or a new trial.

## ANALYSIS

**I.     Federal Rule of Criminal Procedure 29**

**A.     Legal Standard**

"In challenging the sufficiency of the evidence, [a defendant] bears a heavy, indeed, nearly insurmountable, burden." *United States v. Warren*, 593 F.3d 540, 546 (7th Cir. 2010); *see also United States v. Dinga*, 609 F.3d 904, 907 (7th Cir. 2010); *United States v. Morris*, 576 F.3d 661, 665-66 (7th Cir. 2009). "A defendant challenging the sufficiency of the evidence 'must convince [a court] that even after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found him guilty beyond a reasonable doubt.'" *Warren*, 593 F.3d at 546 (quoting *United States v. Moore*, 572 F.3d 334, 337 (7th Cir. 2009)); *see also United States v. Eller*, 670 F.3d 762, 765 (7th Cir. 2012) (stating that the evidence should be viewed "in the light most favorable to the prosecution"); *United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2010) (noting that a court reviewing a Rule 29 motion asks "whether evidence exists from which any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt").

In other words, a court will "set aside a jury's guilty verdict only if 'the record contains no evidence, regardless of how it is weighed,' from which a jury could have returned a conviction." *United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir. 2009) (quoting *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)); *see also Warren*, 593 F.3d at 546. In conducting the Rule 29 inquiry, courts "do not reassess the weight of the evidence or second-guess the trier of fact's credibility determinations." *United States v. Arthur*, 582 F.3d 713, 717 (7th Cir. 2009); *see also United States v. Severson*, 569 F.3d 683, 688 (7th Cir. 2009). This strict standard is a recognition that "[s]orting the facts and inferences is a task for the jury."[1] *Warren*, 593 F.3d at 547.

### B. Defendant is Not Entitled to Judgment of Acquittal

In order to establish the offense of drug distribution in violation of 21 U.S.C. § 841(a)(1), the government must prove three elements: "(1) knowing or intentional possession" of a controlled substance; (2) "possession of" the controlled substance "with intent to distribute it"; and (3) "knowledge that the material is a controlled substance." *United States v. Campbell*, 534

---

[1] The Supreme Court has expressed courts' deference to the jury "most plainly":

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Moore*, 572 F.3d at 337 (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (emphasis in original).

F.3d 599, 602 (7th Cir. 2008) (citing *United States v. Banks*, 405 F.3d 559, 569 (7th Cir. 2005)). To sustain the charge of conspiracy to distribute drugs in violation of 21 U.S.C § 846, the government must prove that "the defendant knowingly agreed—either implicitly or explicitly—with someone else to distribute drugs." *United States v. Johnson*, 592 F.3d 749, 754 (7th Cir. 2010).

During trial, the government introduced evidence that overwhelmingly established Defendant Martin's guilt beyond a reasonable doubt. It established that he conspired with his co-defendant to distribute crack cocaine on June 3, 2008, and that he knowingly and intentionally distributed crack cocaine on that day. The government introduced recorded telephone conversations between Defendant, his co-defendant, and the Cooperating Individual ("CI") in which they discuss and set up the drug transaction. In these recorded calls, they discuss meeting at a specific McDonald's location in Chicago on June 3, 2008, where Defendant Martin agrees to give the CI crack cocaine in exchange for cash. As discussed in more detail below, Agent Hill, a witness for the government, identified Defendant's voice on these recorded conversations. In addition, Defendant Martin is identified by the nickname "Boscoe" in the recorded conversations, and Defendant admitted to Agent Hill during an investigative traffic stop that he also goes by the name "Boscoe."

Agent Hill further testified that he met with the CI immediately before he went to the McDonald's, searched the CI and his car, and gave the CI $5,600 in FBI funds for the scheduled delivery. He also put an audio video/recording device on the CI. Agent Hill then followed the CI to the arranged location.

The FBI sent its surveillance team to the McDonald's. Agent Hill observed Defendant Martin arrive at the agreed upon McDonald's in a Chevy Impala, a vehicle registered to Defendant Martin's wife. Agent Hill saw Defendant Martin get out of his car and go into the CI's car:

> As the informant pulls in and parks, he immediately gets out and then kind of takes one step and gets right back into his truck. At the same time, I see Boscoe or Mr. Martin exit the driver's side of his Impala and walk around the front of the car and get into the passenger side of the informant's truck. So, remember they're parked backwards. The Impala is pointing down towards the McDonald's. The truck is pointing up towards the top of the mound. Mr. Martin exited the Impala and walked around to the front of the vehicle and got into the passenger side of the informant's truck.

The video surveillance also captured this evidence.

Agent Hill followed the CI when he left the meeting with Defendant Martin to a pre-arranged location. The CI provided Agent Hill with the crack cocaine from the transaction. By stipulation, the drugs consisted of "221.5 grams of cocaine base in the form of crack cocaine with the presence of sodium bicarbonate and with a purity of approximately 60.6 percent." The government also introduced additional phone calls between Defendant Martin and the CI that took place after the

drug delivery. This evidence was more than sufficient to establish Defendant's guilt beyond a reasonable doubt.

## II. Federal Rule of Criminal Procedure 33

### A. Legal Standard

"Under Rule 33 of the Federal Rules of Criminal Procedure, a district court 'may vacate any judgment and grant a new trial if the interest of justice so requires.'" *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005) (quoting Fed. R. Crim. P. 33); *see also United States*

*v. Smith*, 674 F.3d 722 (7th Cir. 2012). "'[C]ourts have interpreted [Rule 33] to require a new trial in the interests of justice in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial.'" *United States v. Eberhart*, 388 F.3d 1043, 1048 (7th Cir. 2004) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)), *overruled on other grounds*, 546 U.S. 12, 126 S. Ct. 403 (2005). "'A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly.'" *Eberhart*, 388 F.3d at 1048 (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)).

Ultimately, a court may grant a new trial if the jury's verdict is "so contrary to the weight of the evidence that a new trial is required in the interest of justice." *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999) ("The focus in a motion for a new trial is not on whether the testimony is so incredible that it should have been excluded. Rather, the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses."); *see also United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011). Stated differently, "[t]he court should grant a motion for a new trial only if the evidence 'preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (quoting *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)); *see also Presbitero*, 569 F.3d at 706.

**B.    Analysis**

Defendant argues that the Court erred in the following rulings:  1) denying Defendant's motion to compel the government to produce the identity of the CI; 2) allowing Special Agent

6

Hill to testify regarding testimonial statements made by the CI; 3) permitting Special Agent Hill to testify regarding the voice identification of Defendant; and 4) admitting photographs of the CI at Defendant's wedding. Defendant also contends that even if any of the individual rulings do not result in a new trial, the cumulative effect of them does.

### 1. The Identify of the Confidential Informant

Defendant argues that the Court erred in denying his motion to compel the government to produce the identify of the CI. The Court disagrees.

On March 5, 2012, in advance of trial, Defendant Martin filed a bare-bones motion seeking production of the government's CI. (R. 94.) The Court denied the motion without prejudice, giving Defendant the opportunity to refile the motion after the government produced additional recordings and transcripts regarding the CI. Defendant never refiled the motion. In ruling on the motion to compel, the Court held:

> In his present motion, Defendant asks the Court to compel the government to produce the identity of the CI. (Def.'s Mot. at 1.) In support of his motion, however, Defendant advances only undeveloped and conclusory argumentation. (*See id.* ¶¶ 1-8.) Defendant relies on abstract assertions of law that he does not meaningfully connect to the present case. (*See, e.g., id.* ¶ 4 ("In this case, the Confidential Informant is not a mere 'conduit' or 'tipster,' he was an active participant and witness to the charged offense, thus should be identified and produced to defense.") (quoting *United States v. Tucker*, 552 F.2d 202 (7th Cir. 1977); *id.* ¶ 5 ("The percipient nature of the Confidential Informant's involvement in this case, as well as his involvement in the alleged crime itself, outweighs any interest the public may have in protecting the flow of confidential information.") (citing *Roviaro*, 353 U.S. at 62).)
>
> Indeed, Defendant does not address the "'particular circumstances'" of this case, "'taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'" *Harris*, 531 F.3d at 514 (quoting *Roviaro*, 353 U.S. at 62); *see also Dole*, 870 F.2d at 373 (observing that the privilege will not yield to "bare speculation [by the defendant] that the information may possibly prove useful"). Nor does Defendant explain how the identity of the CI "'is relevant and helpful' to his defense 'or is essential

7

> to a fair determination of a cause.'" *Harris*, 531 F.3d at 514 (quoting *Roviaro*, 353 U.S. at 60-61). Under these circumstances, Defendant has failed to meet his burden to overcome the government's "limited privilege to withhold the identity of a confidential informant from a criminal defendant." *Wilburn*, 581 F.3d at 622-23.
>
> Accordingly, Defendant's motion is denied, without prejudice.

(R. 98, Minute Order.) Just like his pre-trial motion, Defendant has again failed to address the particular circumstances of this case. He has thus failed to establish any error or prejudice. Furthermore, as discussed below, the government produced photographs from Defendant's wedding that depicted Defendant with the CI. Such evidence supports that Defendant knew the CI. Defendant also had the transcripts and the recorded conversations that included the CI's voice. Given this information, Defendant should have understood in advance of trial the identity of the CI.

## 2. Defendant Has Not Identified a Crawford Violation

Defendant next argues that the Court erred by permitting Agent Hill to testify regarding testimonial statements made by the CI, in violation of *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). In one paragraph, Defendant argues that:

> The statements made to Agent Hill by the confidential informant were clearly made in an attempt to identify the individual that participated in the drug transaction that occurred years prior to the interrogation. Given the lapse of time between the transaction and the questioning of the confidential informant regarding the identification of the individual who participated clearly establishes that there was not ongoing emergency that the police needed to assist. The Confidential Informant did not testify, and there was no indication by the Government that he was unavailable to testify. The statements testified to were identification of Mr. Martin, and also statements regarding where he lived. There was no opportunity to cross examine the confidential informant, and thus admission of those statements was in violation of the Confrontation Clause.

(R. 121, Def.'s Mot. at 2-3.) Defendant fails to identify any of the statements at issue, and the

8

Court is not aware of any. Defendant Martin has not developed this argument, nor has he cited any supporting law beyond the constitutional rights identified in *Crawford*. The Seventh Circuit has made clear that undeveloped and merely perfunctory arguments like this are waived. *See United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011) (finding the argument was "decidedly underdeveloped and therefore waived"); *United States v. Foster*, 652 F.3d 776, 792 (7th Cir. 2011) ("As we have said numerous times, undeveloped arguments are deemed waived[.]") (internal quotation marks and citation omitted).

### 3. Agent Hill Properly Testified Regarding Defendant's Voice

Defendant also challenges Agent Hill's voice identification of Defendant Martin's voice. This challenge fails.

Federal Rule of Evidence 901(b)(5) permits voice identification of an individual's voice on a recording "by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Fed. R. Evid. 901(b)(5). The Seventh Circuit has recognized that a "low bar of minimal familiarity" is required to meet the mandates of this Rule. *United States v. Jones*, 600 F.3d 847, 858 (7th Cir. 2010) (quoting *United States v. Neighbors*, 590 F.3d 485, 493 (7th Cir. 2009)); *see also United States v. Recendiz*, 557 F.3d 511, 527 (7th 2009).

The government properly laid the foundation at trial for Defendant Martin's voice identification testimony. Agent Hill testified that he was familiar with voice identifications and had spent a significant amount of time during his career trying to "put voices with names." In this case, on March 22, 2011, Agent Hill spoke with Defendant Martin during an investigative traffic stop of a vehicle driven by Martin. When Agent Hill pulled him over, Defendant Martin

9

got out of the vehicle and spoke directly with Agent Hill for approximately four minutes. After the traffic stop, Agent Martin went back to his office and reviewed the phone calls at issue in this case. He compared the voice that he just heard from Defendant Martin with the voice on the calls at issue, and concluded that it was Martin's voice. In addition, on April 18, 2011, Agent Hill again spoke with Defendant Martin when he was arrested. Agent Hill spoke to Defendant Martin for approximately one hour during the booking process on his arrest. On May 3, 2011, Agent Hill again heard Defendant Martin speak when he appeared in open court for his bond hearing. After this, Agent Hill again reviewed the calls and videos at issue and concluded that Defendant Martin was the speaker.

Through this testimony and evidence, the government laid a sufficient foundation for the admissibility of Agent Hill's voice identification testimony. *See United States v. Recendiz*, 557 F.3d 511, 527 (7th Cir. 2009) (upholding agent identification of defendant's voice where agent spoke to defendant when arrested and listened to recording in question). Defendant's challenges to Agent Hill's identification go to the weight of his testimony, not its admissibility. *See Jones*, 600 F.3d at 858. The Court did not err in admitting it. *Id.* (affirming admission of voice identification testimony where detective only heard defendant speak in open court on four or five occasions where defendant may have only spoken two of three sentences); *Neighbors*, 590 F.3d at 493 (affirming admission of voice identification testimony, where agent had short conversations with the defendant on the day of the arrest and heard the defendant speak in prior court proceedings); *United States v. Mansoori*, 304 F.3d 635, 665 (7th Cir. 2002) (affirming voice identification based on agent hearing defendant speak only once in open court).

### 4. The Court Properly Admitted the Photograph

Defendant next argues that the Court erred in admitting the photographs of the CI at Defendant Martin's wedding because the government did not lay a sufficient foundation for their admission. As an initial matter, Defendant did not object to the admission of the photograph at trial. In fact, Defendant stipulated that the photographs from the wedding "are fair and accurate copies of the photographs that were taken on or about July 19th of 2008." To the extent Defendant has not waived this argument through his stipulation,[2] plain error review applies. *See United States v. Breshers*, __ F.3d __, 2012 WL 2580135, at *2 (7th Cir. July 5, 2012). In order to prevail under plain error review, Defendant must show that the admission of the photograph was 1) an error; 2) the error was plain, that is "clear or obvious, rather than subject to reasonable dispute;" 3) the error affected his substantial rights, "which in the ordinary case means it affected the outcome of the district court proceedings;" and 4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citations and quotations omitted). Here, Defendant has not established any error, especially given the stipulation at trial. Moreover, he has failed to argue – much less establish – that any error impacted his substantive rights.

### 5. Defendant's Cumulative Error Argument Fails

Finally, Defendant contends that he is entitled to a new trial based on cumulative error. In order to demonstrate cumulative error, Defendant must establish that "(1) at least two errors

---

[2]*Cf. United States v. Garrison*, Fed. App'x 423, 427 (5th Cir. 2010) ("By stipulating to the admission of the evidence, [the defendant] has arguably waived his appeal on this point.") (citing *United States v. Olano*, 507 U.S. 725, 732-34, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (discussing forfeiture versus waiver)).

were committed in the course of the trial; [and] (2) considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied the [defendant] a fundamentally fair trial." *United States v. Allen*, 269 F.3d 842, 847 (7th Cir. 2001) (citations and quotations omitted). Because Defendant has failed to identify any error, his request is denied. *See United States v. White*, 582 F.3d 787, 805 (7th Cir. 2009).

## CONCLUSION

For the reasons described in detail above, Defendant's motion is denied.

Dated: July 18, 2012                                ENTERED:

                                                                                  AMY J. ST. EVE
                                                                                  United States District Court Judge